

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2003

# Janicki v. Sch Dist Elizabeth

Precedential or Non-Precedential: Non-Precedential

Docket 02-2692

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Janicki v. Sch Dist Elizabeth" (2003). *2003 Decisions.* Paper 739.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/739

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

02-2692
_____

RONALD S. JANICKI; JOSEPH A. CHECK; MARLENE D. HALL;
DAVID HRUBOVCAK; PETER J. LAFRANKIE III;
ROBERT SALZER; EDWARD STELIGO,

v.

ELIZABETH FORWARD SCHOOL DISTRICT;
PENNSYLVANIA STATE EDUCATION ASSOCIATION

Ronald Janicki, Joseph Check, Marlene Hall, David Hrubovcak,
Peter LaFrankie, III, Robert Salzer, and Edward Steligo,

Appellants

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 99-1859)
District Judge: Hon. Gary L. Lancaster

_____

Submitted Under Third Circuit LAR 34.1(a)
March 13, 2003
Before: SLOVITER, NYGAARD, and ALARCÓN[*], Circuit Judges
(Filed: March 13, 2003)

_____

OPINION OF THE COURT

_____

[*]Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the
Ninth Circuit, sitting by designation.

ALARCÓN, Senior Judge.

Ronald S. Janicki, Joseph A. Check, Marlene D. Hall, David Hrubovcak, Peter J. Frankie, III, Robert Salzer, and Edward Steligo (collectively "Appellants") were employed by the Elizabeth Forward School District ("School District") as substitute or temporary custodial and maintenance workers. Appellants appeal from the order granting the School District's motion for a summary judgment and dismissing their 28 U.S.C. § 1983 claim that they were deprived of their right to equal protection of the law in violation of the Fourteenth Amendment. We affirm because we conclude that the School District did not violate the Fourteenth Amendment by paying Appellants at a different rate, or in failing to award the same benefits, from that received by the permanent employees pursuant to the terms of a collective bargaining agreement ("CBA") negotiated by the School District and the Pennsylvania State Education Association ("Union").

I

Since 1989, the School District has maintained a list of persons (collectively the "temporary employees") willing to work temporarily during the absence of its permanent custodial and maintenance employees (collectively the "permanent employees") due to illness, vacation, sick leave, or the termination of their employment. The temporary employees were assigned the same custodial or maintenance duties performed by the

permanent employees. The custodial staff was responsible for cleaning the School

District's buildings. The maintenance workers kept the facilities operational. The School

District filled vacancies in the permanent employees' custodial and maintenance positions

from the list of temporary employees.

The School District's collective bargaining unit consisted of twenty-seven

employees who were represented in contract negotiations by the Union. The temporary

employees were not represented by the Union. As temporary employees, Appellants

received approximately one-half of the wages paid to the permanent employees. They

did not receive any other benefits. A temporary employee did not have any contractual

arrangement entitling him or her to be hired as a permanent employee whenever a

vacancy occurred, or to receive the same wages and or benefits awarded to the permanent

employees under the CBA.

The record shows that the CBA between the School District and the permanent

employees' collective bargaining unit was due to expire on July 30, 1996. The School

District and the Union began negotiations for a new CBA on January 23, 1996. During

the course of these negotiations, the School District stated that it was considering

subcontracting or "outsourcing" the custodial and maintenance work performed by the

permanent employees. The School District informed the Union that by subcontracting, it

could obtain the same services for less money. It also took the position that the Union

had filed excessive grievances on behalf of the permanent employees.

The School District and the Union did not enter into a new CBA until sometime after June of 1998. On January 16, 1997, during the protracted negotiations, the School District hired two persons from the list of temporary employees to fill two vacant permanent employee positions. Other vacancies that arose thereafter were not filled until after the new CBA was executed.

The 1998 CBA required the School District to fill all permanent employee vacancies within ninety days. There were twelve vacant positions when the 1998 CBA took effect. To fill the vacant positions, the School District hired all of the persons who were on the list of temporary employees interested in accepting a position as permanent employees.

## II

Appellants filed this action on November 12, 1999 pursuant to § 1983. They alleged that the School District had violated their rights under the Equal Protection Clause of the Fourteenth Amendment by denying them the same wages and benefits awarded to the permanent employees, notwithstanding the fact they performed precisely the same custodial or maintenance duties. Appellants and the School District filed cross-motions for summary judgment. The district court denied Appellants' motion and granted summary judgment in favor of the School District.

The district court had federal question jurisdiction pursuant to 28 U.S.C. § 1331.

We have jurisdiction over this timely appeal pursuant under 28 U.S.C. § 1291.  This court

reviews an order granting summary judgment de novo.  *Sameric Corp. of Del., Inc. v.*

*City of Philadelphia*, 142 F.3d 582, 590 (3d Cir. 1998).

## III

Before this court, Appellants contend that the School District violated their rights

under the Equal Protection Clause by creating two classes of custodial and maintenance

employees who perform precisely the same duties.  The permanent employees,

represented by the Union, were compensated at the pay rate set forth in the CBA.  They

also received health benefits, vacation pay, sick leave, seniority accrual, and a pension

upon retirement.  The temporary employees were paid less and received no benefits.  As

temporary employees of the School District, they were not eligible to be members of the

permanent employees' collective bargaining unit which is represented in negotiations by

the Union.

In reviewing a claim that government action violates the Equal Protection Clause,

we must first determine the appropriate standard of review.  *Donatelli v. Mitchell*, 2 F.3d

508, 513 (3d Cir. 1993).  If state action does not burden a fundamental constitutional

right or targets a suspect class, the "challenged classification must be upheld 'if there is

any reasonably conceivable state of facts that could provide a rational basis for the

classification.'" *Id.* (quoting *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993)). If the challenged state action involves a "suspect" classification based on race, alienage or national origin, or infringes on a fundamental constitutional right, such as the guarantees of the First Amendment, a court must apply the strict scrutiny standard. *Id.*

A.

Appellants contend that the district court should have applied strict scrutiny instead of the rational basis test because the School District's classification interfered with their fundamental constitutional right of association. We disagree. Contrary to Appellants' assertion, they were not "kept from Union membership by the tactics of the School district." Opening Brief for Appellants at 24. The fact that the School District decided that it would not fill the open positions in the permanent employees classification during the negotiations for a new CBA does not demonstrate that the School District violated Appellants' First Amendment right to petition the School District during the course of negotiations to award the permanent employees the same or greater benefits under the new CBA because of Appellants' potential future interest in a permanent position. Appellants have not cited any authority to support the proposition that a temporary employee has a constitutional right to be hired for a vacant position as a custodian or maintenance worker solely because the current permanent employees are included in the collective bargaining unit. Whether a temporary employee of the School

-6-

District has a state-created cause of action to be hired to fill a vacancy is not before us.

Appellants have failed to present evidence to support their contention that "the school district purposefully enacted a policy to wholly and completely deny the appellants their associational right to be members of the collective bargaining unit." Opening Brief for Appellants at 24. The district court did not err in failing to apply the strict scrutiny test.

## B.

Because the School District created two classifications of employees who performed the same duties, but provided lessor benefits to one of them, we must next determine, "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993). The School District's decision to award temporary employees less benefits than those received by permanent employees was based on its need to save labor costs, to operate within its budget, and to maintain fiscal integrity. We agree with the district court that these economic considerations are clearly legitimate governmental interests and therefore, awarding less benefits to substitute employees is rationally related to these interests.

## C.

Appellants also maintain that the rational basis test is inapplicable where the "state action [] deliberately injures an individual for the purpose of obtaining or gaining some leverage in collective bargaining with a third party. . . ." Opening Brief for Appellants at

15. Appellants allege that the School District attempted to gain leverage in its negotiations with the Union by labeling Appellants as "temporary" employees but requiring them to do the jobs of the "permanent" employees. This argument completely falls apart however, because a number of Appellants and their peers have been performing the same tasks as "permanent" employees while being compensated as temporary employees since 1989, well before the contract negotiations began. Appellants also rely on the Seventh Circuit's opinion in *Esmail v. Macrane*, 53 F.3d 176 (7th Cir. 1995) in support of this theory. Their reliance on *Esmail* is misplaced. In *Esmail*, the Seventh Circuit held that the district court erred in dismissing a § 1983 action for failure to state a violation of the Equal Protection Clause where "the unequal treatment [was] the result solely of a vindictive campaign by the Mayor." *Id.* at 179. The Seventh Circuit held that the Equal Protection Clause protects a person who presents evidence "that the action taken by the state, whether in the form of prosecution or otherwise, was a spiteful effort to 'get' him for reasons wholly unrelated to any legitimate state objective." *Id.* at 180. Appellants allege that the School District acted solely out of animus when it failed to fill the vacancies during negotiations with the Union.

During contract negotiations, an employer has a duty to negotiate in good faith. *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 493 (1994). The fact that the School District did not fill the custodial vacancies during the negotiations for a new

CBA, however, is not evidence of a spiteful effort to punish the temporary employees that was wholly unrelated to a legitimate state objective. *See Randle v. City of Aurora*, 69 F.3d 441, 454 (10th Cir. 1995) (stating that "[t]he mere fact that an employer failed to follow its own internal *procedures* does not necessarily suggest that the employer was motivated by illegal discriminatory intent"). Both a union and an employer may employ tactics during contract negotiations that put economic pressure on the other party, as long as the conduct is in good faith and does not violate the law. *See, e.g.*, *American Ship Building Co. v NLRB*, 380 U.S. 300, 310 (1965) (holding that an employer may lock out employees for the purpose of applying economic pressure on a union in support of a legitimate bargaining position); *Local 825, Int'l Union of Operating Eng'rs v. NLRB*, 829 F.2d 458, 460-61 (3d Cir. 1987) (same); *Equitable Gas Co. v. NLRB,* 637 F.2d 980, 983, 992 (3d Cir. 1981) (determining that it was not an unlawful business practice when the defendant failed to fill a clerk vacancy during contract negotiations); *Id.* at 992 (holding that the defendant did not violate the law when there was no substantial evidence that its decision to subcontract was motivated by other than economic considerations).

Here, the record shows that the School District had previously engaged a subcontractor to provide the services formerly performed by its cafeteria and transportation employees. Article XX of the CBA, submitted to the district court by Appellants, provides that the School District can subcontract services if the Union has the

opportunity for prior discussion so long as "no contracting or subcontracting shall result in the elimination of any position in this bargaining unit or in the furloughing of any members of the bargaining unit." Appellants have failed to demonstrate that the School District's failure to fill vacancies in the ranks of the permanent employees during the negotiations for a new CBA was a spiteful effort against Appellants and was wholly unrelated to its efforts to negotiate an economically prudent CBA.

The School District's failure to fill the vacancies was rationally related to the continued legitimate state interests and did not violate the Equal Protection Clause. The district court's decision to grant the defendant's motion for summary judgment is AFFIRMED.

_____
TO THE CLERK:

Please file the foregoing opinion.

/s/ Judge Arthur L. Alarcon
Circuit Judge